**658**

Mayes SNYDER, Plaintiff,

v.

MALONE & HYDE, INC., et
al., Defendants.

No. DC 76–70–S.

United States District Court,
N. D. Mississippi,
Delta Division.

April 22, 1977.

John Booth Farese, Farese, Farese &
Farese, Ashland, Miss., for plaintiff.

Jerome C. Hafter, Lake, Tindall, Hunger
& Thackston, Greenville, Miss., for plain-
tiff-intervenor.

William O. Luckett, Luckett, Luckett,
Luckett & Thompson, Clarksdale, Miss., for
Malone & Hyde and Jackson.

Elzy J. Smith, Jr., Sullivan, Smith, Hunt
& Vickery, Clarksdale, Miss., for Lyonel R.
Gilmore.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The defendant Lyonel R. Gilmore (Gil-
more) has filed a motion for summary judg-
ment in which he contends that there is no
genuine issue as to any material fact in the
case relative to his liability for plaintiff's
injuries and that he is entitled to a judg-
ment as a matter of law. The court has
considered the motion on the pleadings, af-
fidavits and depositions filed, and memo-
randa of the parties.

The record reflects that on the occasion
in question, Gilmore stopped his vehicle and
left it parked on a public highway in viola-
tion of Miss.Code Ann. § 63–3–903 (1972)
which statute governs the stopping or park-
ing of vehicles on any highway in the state
outside of a business or residence district.
Although conceding for the purpose of the
motion a violation of the statute, Gilmore
contends that the stopping or parking of
the vehicle on the highway was not a proxi-
mate cause of plaintiff's injuries.

The deposition of plaintiff was taken by
Gilmore. Plaintiff testified that at the
time of the accident it was snowing and
there was some ice and snow on the surface
of the highway; that as he traveled south
in his right traffic lane, at a time when he
was driving at from 30 to 40 miles per hour,
the tractor-trailer combination vehicle of
defendant, Malone & Hyde, driven by its
truck driver Samuel N. Jackson (Jackson)
approached him rapidly from the rear and
pulled over into the other lane to pass,
when the passing vehicle met an approach-
ing pickup truck; that a collision occurred
between the passing vehicle and the pickup
and that the passing vehicle struck his auto-
mobile at about the same time.

Plaintiff further testified that he saw the
Gilmore vehicle before the accident but
could not tell whether the vehicle was mov-
ing or stopped. He stated that his automo-
bile was knocked down the highway as a
result of the collision, but the Gilmore vehi-
cle was 40 to 50 yards beyond the point on
the highway from where his vehicle came to

rest. Plaintiff testified that while he knew prior to the accident that he was gaining on the Gilmore vehicle, he had not changed the speed of his automobile because of the presence of the Gilmore vehicle on the highway.

Gilmore argues that under the version of the collision adopted by plaintiff there can be no liability on his part for the collision because the presence of his vehicle on the highway did not in any way cause or contribute to the collision.

Plaintiff filed a responsive pleading to Gilmore's motion, seeking a delay in the consideration of the motion until the parties could take Jackson's deposition. This delay was granted and Jackson's deposition was taken and is now before the court. Plaintiff has not filed a reply memorandum as permitted by the rules of the court. Jackson and Malone & Hyde have responded to the motion and vigorously oppose the granting of summary judgment. They contend that Jackson's version of the accident is entirely different from that of Gilmore thereby creating disputed facts for jury determination.

Essentially Jackson's version of the incident is the exact reverse of Gilmore's version. Jackson testified that he was driving south along the highway, at a moderate rate of speed, when plaintiff, who had been trailing him for some time, undertook to pass; that plaintiff pulled into the passing traffic lane, but was soon forced to return to his own traffic lane because of approaching traffic; that upon returning to his lane, plaintiff began to reduce the speed of his vehicle and that this caused Jackson to brake more sharply than he would otherwise have done so that the sharp braking of the vehicle caused it to jackknife and Jackson lost control of the vehicle; that the vehicle collided with the approaching pickup truck and plaintiff's vehicle.

Jackson saw the Gilmore vehicle for some distance as he approached the accident scene and was reducing his speed in anticipation of coming upon the vehicle when plaintiff attempted to pass. Jackson attributes the jackknifing of his vehicle to the passing by plaintiff of his vehicle and re-

turning to the lane of traffic in front of him, reducing speed because of the presence of Gilmore's vehicle.

There is beyond doubt a genuine issue as to the cause of the accident. The only question which concerns the court is whether the issue is material to Gilmore's defense, that is, whether the stopping or parking of the vehicle on the highway in violation of law had a causal connection with or proximately contributed to the accident.

The United States Court of Appeals for the Fifth Circuit discussed the granting of summary judgments in negligence cases in *Gross v. Southern Railway Company,* 414 F.2d 292 (1969). There, the court said speaking through Judge Skelton, Judge of the Court of Claims, sitting by designation as a member of the panel:

Rule 56 is a valuable rule that is useful in the speedy disposition of cases where there is no issue to be tried. However, it is rarely used in negligence cases. There is a general rule that has been followed and approved by this court many times to the effect that issues of negligence, contributory negligence and proximate cause, the resolution of which requires the determination of the reasonableness of the acts and conduct of the parties under all the facts and circumstances of the case, cannot ordinarily be disposed of by summary judgment.

414 F.2d at 296.

Also, the court stated further:

It is also well settled that in considering a motion for summary judgment, the court has no duty or function to try or decide factual issues. Its only duty is to determine whether or not there is an issue of fact to be tried. [Citations omitted] Furthermore, all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. [Citations omitted] Also, all doubt as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment.

414 F.2d at 297.

When considered in light of the Fifth Circuit's pronouncement in *Gross,* the court

has concluded that the motion should not be granted but the issues of negligence submitted to the jury.

An appropriate order is being entered.